# IN THE DISTRICT COURT OF THE UNITED STATES

## for the Western District of New York

_____

|  |  |
|---|---|
| | **OCTOBER 2019 GRAND JURY**<br>**(Impaneled October 18, 2019)** |
| **THE UNITED STATES OF AMERICA** | **INDICTMENT** |
| *-vs-* | **Violations:** |
| **ROBERTO MONTES-VILLALPANDO**<br>(Counts 1-10), and | Title 8, United States Code, Sections<br>1324(a)(1)(A)(ii), 1324(a)(1)(A)(iii), and<br>1324(a)(1)(A)(v)(I); |
| **ABRAHAM MONTES**<br>(Counts 1-12) | Title 18, United States Code, Sections<br>1589(a), 1594(b), and 2<br>(12 Counts and 2 Forfeiture Allegations) |

### INTRODUCTION

**The Grand Jury Charges That:**

At all times relevant to this Indictment:

1.        The defendants, **ROBERTO MONTES-VILLALPANDO** and **ABRAHAM MONTES**, owned and operated El Cubilete Mexican Restaurant (El Cubilete restaurant), formerly located at 9400 Niagara Falls Boulevard, Niagara Falls, New York, from the beginning of December 2014 until sometime in late 2018, when the restaurant moved to 2050 Cayuga Extension, Niagara Falls, New York. El Cubilete was a restaurant licensed to serve alcoholic beverages by the New York State Liquor Authority.

2.      The defendant, **ROBERTO MONTES-VILLALPANDO,** managed El Cubilete restaurant, supervised the staff, including wait and kitchen staff, made hiring and firing decisions, and determined payroll.

3.      The defendant, **ABRAHAM MONTES**, supervised the kitchen staff of El Cubilete restaurant, including Victims 1, 2, 3, and 4, persons known to the Grand Jury, and others known and unknown to the Grand Jury.

4.      Victims 1, 2, 3, and 4 were aliens without any legal status in the United States, and each was a native and citizen of Mexico. Victims 1 through 4 were employed by the defendants as cooks, food preparers, and dishwashers at El Cubilete restaurant.

5.      The defendant, **ROBERTO MONTES-VILLALPANDO**, rented an apartment located at 9021 Zito Street, Apartment 54, Niagara Falls, New York 14303, and paid the utilities for the apartment. The apartment was located approximately 0.3 mile from El Cubilete restaurant. Victims 1, 2, 3, and 4, among others, informally sublet the apartment from defendant, **ROBERTO MONTES-VILLALPANDO**, and lived there.

## COUNT 1
### (Conspiracy to Commit Forced Labor)

**The Grand Jury Further Charges That:**

1.      The allegations in the Introduction are incorporated herein by reference.

## THE OBJECTS OF THE CONSPIRACY

2.      From on or about November 1, 2014, until on or about February 18, 2018, the exact dates being unknown to the Grand Jury, in the Western District of New York, and elsewhere, the defendants, **ROBERTO MONTES-VILLALPANDO** and **ABRAHAM MONTES**, did knowingly, willfully, and unlawfully combine, conspire, and agree together and with others, known and unknown to the Grand Jury, to knowingly obtain the labor and services of persons, that is, Victims 1 through 4, by the following means, and by a combination of such means: by means of force and threats of force; by means of serious harm and threats of serious harm; by means of the abuse and threatened abuse of law and legal process; and by means of a scheme, plan, and pattern intended to cause Victims 1 through 4 to believe that, if they did not perform such labor and services, they would suffer serious harm, in violation of Title 18, United States Code, Section 1589(a).

## MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED

3.      The objects of the conspiracy were accomplished through the following means:

4.      The defendants, **ROBERTO MONTES-VILLALPANDO** and **ABRAHAM MONTES**, recruited and hired undocumented foreign nationals who had entered the United States illegally to work for them in the kitchen of El Cubilete restaurant.

5.      During the course of recruiting the undocumented foreign nationals, the defendants, **ROBERTO MONTES-VILLALPANDO** and **ABRAHAM MONTES**, enticed prospective laborers who lived and worked in Ohio, including Victim 1 and Victim 2, to work at El Cubilete by promising better pay and fewer hours.

6.      After undocumented foreign nationals agreed to work as food preparers, cooks, and dishwashers, the defendant, **ABRAHAM MONTES**, transported at least three of the undocumented foreign nationals from the state of Ohio to Niagara Falls, New York in an automobile.

7.      The defendants, **ROBERTO MONTES-VILALPANDO** and **ABRAHAM MONTES**, compelled the undocumented foreign nationals, including Victims 1, 2, 3, and 4, through means such as force, violence, threats of force and violence, deception, coercion, threats of harm to them, and threats of arrest and deportation, to engage in forced labor at El Cubilete restaurant and to turn over a portion of the proceeds they received from engaging in the forced labor to the defendants for rent, utilities, and other expenditures.

8.      The defendants, **ROBERTO MONTES-VILLALPANDO** and **ABRAHAM MONTES**, harbored the undocumented foreign nationals, including Victims 1, 2, 3, and 4, in an apartment located at 9021 Zito Street, Apartment 54, Niagara Falls, New York.

**All in violation of Title 18, United States Code, Section 1594(b).**

## COUNT 2
**(Forced Labor)**

**The Grand Jury Further Charges That:**

1.      The allegations in the Introduction and Count 1 are incorporated herein by reference.

2.      From on or about November 1, 2014, until on or about May 31, 2015, the exact dates being unknown to the Grand Jury, in the Western District of New York, and elsewhere, the defendants, **ROBERTO MONTES-VILLALPANDO** and **ABRAHAM MONTES**, did knowingly obtain the labor and services of Victim 1, a person known to the Grand Jury, by the following means, and by a combination of such means: by means of force and threats of force; by means of serious harm and threats of serious harm; by means of the abuse and threatened abuse of law and legal process; and by means of a scheme, plan, and pattern intended to cause Victim 1 to believe that, if he did not perform such labor and services, he would suffer serious harm.

**All in violation of Title 18, United States Code, Sections 1589(a) and 2.**

## COUNT 3
**(Forced Labor)**

**The Grand Jury Further Charges That:**

1.      The allegations in the Introduction and Count 1 are incorporated herein by reference.

2.      From on or about November 1, 2014, until on or about October 31, 2016, the exact dates being unknown to the Grand Jury, in the Western District of New York, and elsewhere, the defendants, **ROBERTO MONTES-VILLALPANDO** and **ABRAHAM MONTES**, did knowingly obtain the labor and services of Victim 2, a person known to the Grand Jury, by the following means, and by a combination of such means: by means of force and threats of force; by means of serious harm and threats of serious harm; by means of the abuse and threatened abuse of law and legal process; and by means of a scheme, plan, and pattern intended to cause Victim 2 to believe that, if he did not perform such labor and services, he would suffer serious harm.

**All in violation of Title 18, United States Code, Sections 1589(a) and 2.**

## COUNT 4
**(Forced Labor)**

**The Grand Jury Further Charges That:**

1.      The allegations in the Introduction and Count 1 are incorporated herein by reference.

2.      From on or about November 1, 2014, until on or about February 18, 2018, the exact dates being unknown to the Grand Jury, in the Western District of New York, and elsewhere, the defendants, **ROBERTO MONTES-VILLALPANDO** and **ABRAHAM MONTES**, did knowingly obtain the labor and services of Victim 3, a person known to the Grand Jury, by the following means, and by a combination of such means: by means of force and threats of force; by means of serious harm and threats of serious harm; by means of the abuse and threatened abuse of law and legal process; and by means of a scheme, plan, and

pattern intended to cause Victim 3 to believe that, if he did not perform such labor and services, he would suffer serious harm.

**All in violation of Title 18, United States Code, Sections 1589(a) and 2.**

## COUNT 5
### (Forced Labor)

**The Grand Jury Further Charges That:**

1.     The allegations in the Introduction and Count 1 are incorporated herein by reference.

2.     From on or about March 1, 2016, until on or about December 19, 2016, the exact dates being unknown to the Grand Jury, in the Western District of New York, and elsewhere, the defendants, **ROBERTO MONTES-VILLALPANDO** and **ABRAHAM MONTES**, did knowingly obtain the labor and services of Victim 4, a person known to the Grand Jury, by the following means, and by a combination of such means: by means of force and threats of force; by means of serious harm and threats of serious harm; by means of the abuse and threatened abuse of law and legal process; and by means of a scheme, plan, and pattern intended to cause Victim 4 to believe that, if he did not perform such labor and services, he would suffer serious harm.

**All in violation of Title 18, United States Code, Sections 1589(a) and 2.**

## COUNT 6
### (Conspiracy to Harbor Aliens for Financial Gain)

**The Grand Jury Further Charges That:**

1.     The allegations in the Introduction and Count 1 are incorporated herein by reference.

2.     From on or about November 1, 2014, until on or about February 18, 2018, the exact dates being unknown to the Grand Jury, in the Western District of New York, and elsewhere, the defendants, **ROBERTO MONTES-VILLALPANDO** and **ABRAHAM MONTES**, did knowingly, willfully, and unlawfully combine, conspire, and agree, and engage in a conspiracy, together and with others, known and unknown to the Grand Jury, to conceal, harbor, and shield from detection aliens, that is, Victims 1 through 4, persons known to the Grand Jury, in buildings and other places, knowing and in reckless disregard of the fact that such aliens had come to, entered, and remained in the United States in violation of law, for the purpose of commercial advantage and financial gain, and during and in relation to which violation the defendants caused serious bodily injury, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii), 1324(a)(1)(B)(i), and 1324(a)(1)(B)(iii).

**All in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I).**

## COUNT 7
### (Harboring an Alien for Financial Gain)

**The Grand Jury Further Charges That:**

1.     The allegations in the Introduction and Count 1 are incorporated herein by reference.

2.      From on or about November 1, 2014, until on or about May 31, 2015, the exact dates being unknown to the Grand Jury, in the Western District of New York, and elsewhere, the defendants, **ROBERTO MONTES-VILLALPANDO** and **ABRAHAM MONTES**, knowing and in reckless disregard of the fact that an alien, that is, Victim 1, a person known to the Grand Jury, had come to, entered, and remained in the United States in violation of law, did conceal, harbor, and shield from detection such alien in buildings and other places, for the purpose of commercial advantage and private financial gain.

**All in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(i).**

## COUNT 8
### (Harboring an Alien for Financial Gain)

**The Grand Jury Further Charges That:**

1.      The allegations in the Introduction and Count 1 are incorporated herein by reference.

2.      Between on or about November 1, 2014, and on or about October 31, 2016, the exact dates being unknown to the Grand Jury, in the Western District of New York, and elsewhere, the defendants, **ROBERTO MONTES-VILLALPANDO** and **ABRAHAM MONTES**, knowing and in reckless disregard of the fact that an alien, that is, Victim 2, a person known to the Grand Jury, had come to, entered, and remained in the United States in violation of law, did conceal, harbor, and shield from detection such alien in buildings and other places, for the purpose of commercial advantage and private financial gain.

All in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(i).

## COUNT 9
### (Harboring an Alien for Financial Gain and Causing Serious Bodily Injury)

**The Grand Jury Further Charges That:**

1.      The allegations in the Introduction and Count 1 are incorporated herein by reference.

2.      Between on or about November 1, 2014 and on or about February 18, 2018, the exact dates being unknown to the Grand Jury, in the Western District of New York, and elsewhere, the defendants, **ROBERTO MONTES-VILLALPANDO** and **ABRAHAM MONTES**, knowing and in reckless disregard of the fact that an alien, that is, Victim 3, a person known to the Grand Jury, had come to, entered, and remained in the United States in violation of law, did conceal, harbor, and shield from detection such alien in buildings and other places, for the purpose of commercial advantage and private financial gain, and during and in relation to which violation the defendants caused serious bodily injury to Victim 3.

All in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i), and 1324(a)(1)(B)(iii).

## COUNT 10
### (Harboring an Alien for Financial Gain)

**The Grand Jury Further Charges That:**

1.      The allegations in the Introduction and Count 1 are incorporated herein by reference.

2.      Between on or about March 1, 2016 and on or about December 19, 2016, the exact dates being unknown to the Grand Jury, in the Western District of New York, and elsewhere, the defendants, **ROBERTO MONTES-VILLALPANDO** and **ABRAHAM MONTES**, knowing and in reckless disregard of the fact that an alien, that is, Victim 4, a person known to the Grand Jury, had come to, entered, and remained in the United States in violation of law, did conceal, harbor, and shield from detection such alien in buildings and other places, for the purpose of commercial advantage and private financial gain.

**All in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(i).**

## COUNT 11
### (Transporting an Alien for Financial Gain)

**The Grand Jury Further Charges That:**

1.      The allegations in the Introduction and Count 1 are incorporated herein by reference.

2.      Between on or about November 1, 2014, and on or about November 30, 2014, the exact dates being unknown to the Grand Jury, in the Western District of New York, and

elsewhere, the defendant, **ABRAHAM MONTES**, knowing and in reckless disregard of the fact that aliens, namely, Victim 1 and Victim 2, persons known to the Grand Jury, had come to, entered, and remained in the United States in violation of law, did transport and move such aliens within the United States by means of transportation and otherwise in furtherance of such violation of law, for the purpose of commercial advantage and private financial gain.

All in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i).

## COUNT 12
### (Transporting an Alien for Financial Gain)

**The Grand Jury Further Charges That:**

1.      The allegations in the Introduction and Count 1 are incorporated herein by reference.

2.      Between on or about March 1, 2016, and on or about March 30, 2016, the exact dates being unknown to the Grand Jury, in the Western District of New York, and elsewhere, the defendant, **ABRAHAM MONTES**, knowing and in reckless disregard of the fact that an alien, namely, Victim 4, a person known to the Grand Jury, had come to, entered, and remained in the United States in violation of law, did transport and move such alien within the United States by means of transportation and otherwise in furtherance of such violation of law, for the purpose of commercial advantage and private financial gain.

All in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i).

## FIRST FORFEITURE ALLEGATION

### The Grand Jury Alleges That:

Upon the conviction of the defendants, **ROBERTO MONTES-VILLALPANDO** and

**ABRAHAM MONTES**, of an offense in violation of Title 18, United States Code, Sections

1589 and/or 1594, as alleged in Counts 1 through 5 of this Indictment, or any one of them,

the United States of America will seek the forfeiture of any property, real or personal, that

was used or intended to be used to commit or to facilitate the commission of any such offenses

and/or any property, real or personal, constituting or derived from any proceeds that the

defendants obtained, directly or indirectly, as a result of any such offenses, to include, but not

limited to:

**MONETARY JUDGMENT:**

> The sum of one hundred and ninety-six thousand, eight hundred and seventy
> dollars ($196,870) United States Currency, or an amount to be determined by
> the Court, which will be evidenced by a monetary judgment issued by this
> Court in the determined amount.  Said judgment amount will accrue at the
> prevailing rate per annum and serve as a judgment and lien against defendant's
> property, wherever situated until fully satisfied.

**REAL PROPERTY:**

> The premises and real property with buildings, appurtenances, and
> improvements at 2050 Cayuga Drive Extension, Niagara Falls, New York, titled
> in the name of ROBERTO MONTES, situate in the County of Niagara, and
> more particularly described in Niagara County Clerk's office, Instrument No.
> 2017-02859, with a legal description No.  8/94 11830 29, 156(2), SBL No.
> 161.02-1-9.

If any of the above-described forfeitable property, because of any act or omission of

the defendants:

> a.    cannot be located upon the exercise of due diligence;
> b.    has been transferred or sold to, or deposited with, a third party;
> c.    has been placed beyond the jurisdiction of the court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of such defendants up to the value of the forfeitable

property described in this forfeiture allegation which may include:

**REAL PROPERTY**:

a.     The premises and real property with buildings, appurtenances, and improvements at 7357 Erica Lane, Tonawanda, New York, titled in the name of ABRAHAM MONTES and LINDA M. MONTES, situate in the County of Niagara, and more particularly described in Niagara County Clerk's office, Instrument No. 2020-03071, filed in Niagara County Clerk's Office in Book 60 of Microfilmed Maps, page 6021, with a tax ID:  176.05-3-45. SBL No.  176.05-3-45; and

b.     The premises and real property with buildings, appurtenances, and improvements at 3304 Colleen Terrace, Sanborn, New York, titled in the name of ROBERTO MONTES, situate in the County of Niagara, and more particularly described in Niagara County Clerk's office, Instrument No. 2017-15850, Filed in Niagara County Clerk's Office in Book 52 of Microfilmed Maps, page 5270 and 5271, with a tax ID:  134.03-2-80. SBL No.  134.03-2-80.

**All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 1594(d) and**

**1594(e); Title 21, United States Code, Section 853(p) as incorporated by Title 18, United**

**States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461.**

**SECOND FORFEITURE ALLEGATION**

**The Grand Jury Further Alleges That:**

Upon the conviction of the defendants, **ROBERTO MONTES-VILLALPANDO** and

**ABRAHAM MONTES**, of an offense in violation of Title 18, United States Code, Section

1324, as alleged on Counts 6 through 12 of the Indictment, or any one of them, the defendants

shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of which the defendants are convicted, and any property, real or personal, used to facilitate or intended to be used to facilitate the commission of the offense of which the defendants are convicted. The property to be forfeited includes, but is not limited to, the following:

**MONETARY JUDGMENT:**

The sum of one hundred and ninety-six thousand, eight hundred and seventy dollars ($196,870) United States Currency, or an amount to be determined by the Court, which will be evidenced by a monetary judgment issued by this Court in the determined amount. Said judgment amount will accrue at the prevailing rate per annum and serve as a judgment and lien against defendant's property, wherever situated until fully satisfied.

**REAL PROPERTY:**

The premises and real property with buildings, appurtenances, and improvements at 2050 Cayuga Drive Extension, Niagara Falls, New York, titled in the name of ROBERTO MONTES, situate in the County of Niagara, and more particularly described in Niagara County Clerk's office, Instrument No. 2017-02859, with a legal description No. 8/94 11830 29, 156(2), SBL No. 161.02-1-9.

If any of the above-described forfeitable property, because of any act or omission of

the defendants:

a.   cannot be located upon the exercise of due diligence;
b.   has been transferred or sold to, or deposited with, a third party;
c.   has been placed beyond the jurisdiction of the court;
d.   has been substantially diminished in value; or
e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of such defendants up to the value of the forfeitable

property described in this forfeiture allegation which may include:

**REAL PROPERTY**:

a.     The premises and real property with buildings, appurtenances, and improvements at 7357 Erica Lane, Tonawanda, New York, titled in the name of ABRAHAM MONTES and LINDA M. MONTES, situate in the County of Niagara, and more particularly described in Niagara County Clerk's office, Instrument No. 2020-03071, filed in Niagara County Clerk's Office in Book 60 of Microfilmed Maps, page 6021, with a tax ID: 176.05-3-45. SBL No. 176.05-3-45; and

b.     The premises and real property with buildings, appurtenances, and improvements at 3304 Colleen Terrace, Sanborn, New York, titled in the name of ROBERTO MONTES, situate in the County of Niagara, and more particularly described in Niagara County Clerk's office, Instrument No. 2017-15850, Filed in Niagara County Clerk's Office in Book 52 of Microfilmed Maps, page 5270 and 5271, with a tax ID: 134.03-2-80. SBL No. 134.03-2-80.

**All pursuant to Title 8, United States Code, Section 1324(b); Title 18, United States Code, Section 982(a)(6); Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1); and Title 28, United States Code, Section 2461(c).**

DATED:  Buffalo, New York, June 11, 2020.

JAMES P. KENNEDY, JR.
United States Attorney

BY:   S/MEGHAN A. TOKASH
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716/843-5860
Meghan.Tokash@usdoj.gov

A TRUE BILL:

S/FOREPERSON